1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  TRIPLE T DAIRY COMMODITIES, INC.,    )   Case No.: 1:19-cv-01776 JLT EPG
                                         )
12          Plaintiffs,                  )   ORDER GRANTING DEFENDANT NOBLE
                                         )   VIEW CHEESE COMPANY, INC.'S MOTION TO
13      v.                               )   DISMISS
                                         )
14  ACF ORGANICS LLC d/b/a AMISH         )   (Doc. 44)
    COUNTRY FARMS, NOBLE VIEW            )
15  CHEESE COMPANY, INC., TIM            )
    DOBBERPHUL, BEINE MILK TRANSIT,      )
16  INC., DOES 1-100, inclusive,         )
                                         )
17                                       )
            Defendants.                  )
18

19          Triple T Dairy Commodities, Inc. asserts Noble View Cheese Company, Inc. and others were

20  negligent and breached their contract. (Doc. 29.) Noble View seeks dismissal of the complaint against

21  it, asserting the Court lacks personal jurisdiction and venue is improper. (Doc. 44.) In the alternative,

22  Noble View requests the action be transferred to the Eastern District of Wisconsin. (*Id*.) Plaintiff

23  opposes the motion, asserting this Court has jurisdiction. (Doc. 49.) The Court finds the matter suitable

24  for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and

25  General Order 618. For the reasons set forth below, the Court **GRANTS** Noble View's motion to

26  dismiss for lack of personal jurisdiction.

27  ///

28  ///

1

## I.        Background and Procedural History

Noble View is a Wisconsin-incorporated dairy plant that receives milk from farmers and then sells milk and milk products to brokers (Doc. 49 at 2.) Plaintiff alleges it is a California corporation doing business in Fresno, California and across the country. (Doc. 29 at ¶ 1.) Plaintiff alleges that Noble View agreed to sell milk to Plaintiff and confirmed through Noble View's field representative, Dobberphul, that the milk was Interstate Milk Shippers-approved ("IMS"). (*Id.* at ¶¶ 13-16.) Plaintiff asserts it then sold the milk to ACF Organics, LLC, who sold it to SmithFoods Richmond, Inc. (*Id.* at ¶ 17.)

According to Plaintiff, Beine transported the milk to SmithFoods, and, in doing so, placed on the bill of lading, the IMS number provided by Dobberphul. (Doc. 29 at ¶¶ 18-19.) Plaintiff alleges SmithFoods received, processed, packaged, and distributed the milk. (*Id.* at ¶ 20.) Plaintiff asserts it later learned the number on the bill of lading was not an IMS number but a Wisconsin state number, meaning that the milk could not be sold outside of Wisconsin. (*Id.* at ¶¶ 21-22.) Consequently, Plaintiff asserts the milk was recalled and disposed of at a cost of more than $500,000. (*Id.* at ¶ 23.)

Based on these allegations, Plaintiff asserts claims against all defendants for negligence and breach of contract in the First Amended Complaint. (*See* Doc. 29 at ¶¶ 26-42.) On February 12, 2021, Noble View filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Eastern District of Wisconsin. (Doc. 44.) Plaintiff filed an opposition on March 12, 2021. (Doc. 49.) On March 19, 2021, Noble View filed a reply. (Doc. 50.)[1]

## II.       Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss for lack of personal jurisdiction. When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10. Accordingly, the "jurisdictional analyses under

---

[1] As the parties were informed on February 3, 2020, the Eastern District of California has been in a state of judicial emergency while this motion was pending resolution. (*See* Doc. 6-1.) The action was assigned to the undersigned on January 7, 2022. (*See* Doc. 52.)

1    state law and federal due process are the same." *Mavrix Photo, Inc.*, 647 F.3d at 1223 (citing

2    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (2004)). "For a court to exercise

3    personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum

4    contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional

5    notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co.*

6    *v. Washington*, 326 U.S. 310, 316 (1945)). Under the minimum contacts test, there are two categories

7    of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S.

8    117, 126-27 (2014).

9         A court may assert general personal jurisdiction over corporations "when their affiliations with

10   the State are so 'continuous and systematic' as to render them essentially at home in the forum

11   State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). There are two

12   "paradigm all-purpose forums" in which a corporation will primarily be "at home" for the purposes

13   of general jurisdiction: its place of incorporation and its principal place of business. *Daimler*, 571 U.S.

14   at 137. General jurisdiction is not limited to these two forums, but it will only be available elsewhere in

15   the "exceptional case" that a corporation's affiliations with a forum are "so substantial and of such a

16   nature as to render the corporation at home in that State." *Id.* at 139 n.19; *see also Martinez v. Aero*

17   *Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("only in an 'exceptional case' will general

18   jurisdiction be available anywhere else").

19        Specific jurisdiction, on the other hand, is satisfied when the defendant's activities are directed

20   toward the forum state and the defendant's liability arises out of or relates to those activities. *Daimler*,

21   571 U.S. at 127; *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 141 S. Ct. 1017, 1024

22   (2021) (citation omitted). Contacts with the forum state "must be the defendant's own choice and . . .

23   must show that the defendant deliberately reached out beyond its home." *Ford Motor Co.*, 141 S. Ct. at

24   1025. In general, the plaintiff bears the burden of showing the contact with the forum state was

25   purposeful and the claim arises out of the defendant's forum-related activities. *See Roth v. Garcia*

26   *Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991). Further, a plaintiff must establish that specific

27   jurisdiction is proper for "each claim asserted against a defendant." *Action Embroidery Corp. v. Atl.*

28   *Embroidery, Inc.,* 368 F.3d 1174, 1180 (9th Cir. 2004).

1    When opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff

2    bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A-Z*

3    *Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012). However, when the defendant's motion is

4    based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima

5    facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co.*

6    *v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the

7    plaintiff. *Id.* at 672.

8    **III.    Discussion and Analysis**

9          **A.    Request for Judicial Notice**

10   The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it

11   (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

12   readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

13   Based upon Federal Rules of Evidence Rule 201, Plaintiff requests the Court take judicial

14   notice of a State of Wisconsin Dairy Plant Inspection Report from 2016. Plaintiff claims this report

15   undermines the declaration of Noble View employee, Jay Noble, regarding the geographic areas where

16   Noble View conducted business in 2016. (Doc. 49 at 1-2.) However, the report does not mention

17   business conducted in California, and the locations where Noble View conducted business is a

18   question of fact in dispute. Also, there is no showing explaining why the events in 2016 are relevant to

19   this action. As such, the Court declines to take judicial notice of the inspection report.

20         **B.    Personal Jurisdiction**

21   Plaintiff admits that Noble View is a corporation organized under the laws of the State of

22   Wisconsin. (Doc. 29 at ¶ 2.) Its principal place of business is in Wisconsin. (Doc. 44-1 at 1; Doc. 44-2

23   at ¶ 3.) Noble View alleges that because it is both incorporated and has its principal place of business

24   in Wisconsin, this Court lacks general jurisdiction over it. (Doc. 44-1 at 3.) Plaintiff appears to

25   concede that general jurisdiction doesn't apply. (*See* Doc. 49 at 2, 4 [only argues that specific

26   jurisdiction exists].)

27              1.    General Jurisdiction

28   General jurisdiction requires Plaintiffs to show that Defendants' own affiliations with California

1   are sufficiently "continuous and systematic" and that California essentially operates as Defendants'

2   home. *Goodyear*, 564 U.S. at 919 (internal citation and quotation marks omitted). "This is an exacting

3   standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into

4   court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374

5   F.3d at 801 (internal citation omitted). Plaintiffs must prove that Defendants' contacts with California

6   are of the type that "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

7   223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation omitted), holding modified by *Yahoo! Inc. v. La*

8   *Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006). Only a limited set of affiliations that

9   effectively render a corporate defendant at home in the forum state will result in general jurisdiction

10  lying over that defendant. *Daimler*, 134 S. Ct. at 760.

11          Because Noble View is a Wisconsin corporation with its principal place of business in

12  Wisconsin (Doc. 29 at ¶ 2; Doc. 44-1 at 1; Doc. 44-2 at ¶ 3), only in an "exceptional case" could Noble

13  View be subject to general jurisdiction in California. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir.

14  2015). Other than a vague allegation that Noble View was "doing business across the country" (Doc. 29

15  at 2), the complaint makes no attempt to establish that Noble View is subject to the Court's general

16  jurisdiction. Thus, Plaintiff's allegations do not satisfy the standard set out by the Supreme

17  Court. *Daimler*, 134 S. Ct. at 758 n.11 (writing that conduct should be so continuous and systematic as

18  to render the foreign corporation essentially at home in the forum State); *see also Martinez v. Aero*

19  *Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (finding that a company's "sending of representatives

20  to California to attend industry conferences, promote . . . products, and meet with suppliers" was

21  insufficient to subject the company to general jurisdiction). To the contrary, Plaintiff appears to

22  concede that general jurisdiction does not apply. (*See* Doc. 49 at 2, 4.) Accordingly, this Court finds it

23  lacks general jurisdiction.

24                  2.      Specific Jurisdiction

25          Courts evaluate specific jurisdiction based upon the causes of action identified in the complaint.

26  *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015). For example, with intentional torts, courts apply the

27  *Calder* test of "purposeful direction" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). *See*

28  *Holland America Line Inc. v. Wartsila N. America, Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). On the

1    other hand, when claims are based on breach of contract and negligence—such as those now before the

2    Court—the appropriate test is "purposeful availment." *Id.* ("It is well established that the *Calder* test

3    applies only to intentional torts, not to the breach of contract and negligence claims"); *Matter of Star &*

4    *Crescent Boat Co., Inc.*, 2021 WL 2988467, at *12 (S.D. Cal. July 15, 2021) ("In cases involving mere

5    negligence or breach of contract, however, courts analyze whether the defendant committed acts

6    evidencing purposeful availment of the forum state."). This purposeful availment test requires the

7    defendant to "perform[] some type of affirmative conduct which allows or promotes the transaction of

8    business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)

9    (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 2001)).

10                              *a.   Purposeful availment*

11           In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts

12   suffice to establish specific jurisdiction: "(1) the nonresident defendant must have purposefully availed

13   himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2)

14   plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3)

15   exercise of jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir.

16   1991) (emphasis omitted). The plaintiff bears the burden of satisfying the first two prongs, and if they

17   are met, the burden shifts to the defendant "to set forth a 'compelling case' that the exercise of

18   jurisdiction would not be reasonable." *Mavrix Photo Inc.*, 647 F.3d at 1228.

19           Plaintiff argues that Noble View "specifically sought out Triple T to orchestrate the sale," and

20   Noble View "knew they were reaching out to a California resident." (Doc. 49 at 5.) In support of this,

21   Plaintiff points to a call from the principal of Beine, Tony Marchant, in which he asked if Plaintiff

22   could find a buyer for the milk. (*Id.*) However, Plaintiff does not submit any evidence showing Noble

23   View was aware of the phone call. Indeed, the evidence provided by Plaintiff demonstrates Noble

24   View neither made the call nor was the call made on behalf of Noble View.[2] (*See id.*; Doc. 49-8 at ¶

25   4.) Mere knowledge of the call by Marchant, if such can even be imputed to Noble View, is

26

27   _____

28   [2] Rather, Plaintiff admits that Marchant contacted Triple T on behalf of farmers who were contracted to sell
     milk to Noble View, but, because Noble View was in financial distress, the farmers were unable to sell their
     milk to Noble View. (Doc. 49-8 at 1-2)

1  insufficient to be an affirmative act or conduct in which Noble View purposely availed itself of the

2  privilege of conducting activities in California. *See Ford Motor Co.*, 141 S.Ct at 1025.

3      In addition, Plaintiff alleges that Beine and its employee, Tim Dobberphul, acted on behalf of

4  Noble View as the company's agents. (Doc. 49 at 3, 5.) Plaintiff believed Dobberphul was an agent for

5  Noble View because Plaintiff called Dobberphul for information about the grade of Noble View's

6  milk, and Dobberphul responded by text message with Noble View's dairy plant number. (*Id*. at 3.)

7  Again, these allegations are not sufficient to establish that Noble View purposely availed itself of the

8  privilege of conducting activities in California. Noble View did not contact Plaintiff, and before the

9  events at issue, Noble View never sold or shipped its products outside of Wisconsin and had not

10  conducted business in California or sought to do so. (Doc. 44-2 at ¶¶ 4-6.)

11      Furthermore, whether Dobberphul or Beine were considered agents of Noble View does not

12  affect the Court's determination. Contracting with a party who is a resident of the forum state is

13  insufficient, on its own, to warrant personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S.

14  462, 478 (1985); *see also Boschetto v. Hansing,* 539 F.3d 1011, 1017 (9th Cir. 2008) ("a contract alone

15  does not automatically establish minimum contacts in the plaintiff's home forum"). Instead, the court's

16  exercise of jurisdiction must be linked to a defendant's own affiliation with the forum state, not based

17  on "random, fortuitous, or attenuated" contacts the defendant has due to his interactions with those

18  affiliated with the state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King*, 471 U.S. at

19  475). As Noble View observes, to determine whether sufficient contacts exist, the Court considers

20  "prior negotiations and contemplated future consequences, along with the terms of the contract and the

21  parties' actual course of dealing." *Picot*, 780 F.3d at 1212. Before the transaction at issue, Noble View

22  never did business in California. (Doc. 44-2 at ¶ 6.) The Court finds, at most, Noble View's contacts

23  with California to be random, fortuitous, or attenuated. The company's contacts with the forum state

24  are insufficient to authorize this Court's exercise of personal jurisdiction over Noble View.

25          b.      End of the inquiry

26      When a plaintiff has failed to satisfy its burden of establishing the first or second prong of the

27  Ninth Circuit's three-prong specific jurisdiction test, the district court's jurisdictional inquiry ends. *See*

28  *Boschetto,* 539 F.3d at 1016 ("if the plaintiff fails at the first step, the jurisdictional inquiry ends and

1   the case must be dismissed"); *see also Electro Scan, Inc. v. Henrich*, 2019 WL 1299010 at \*4 (E.D.

2   Cal Mar. 20, 2019) (finding "the Court's inquiry ends and the case must be dismissed" where the

3   plaintiff had "not met its burden on the first prong of the three-part specific jurisdiction test). Thus,

4   because Plaintiff fails to carry the burden to show Noble View purposefully availed itself of the

5   privilege of conducting activities in California by some affirmative act or conduct, the Court's

6   jurisdictional inquiry ends. *See Boschetto*, 539 F.3d at 1016

7   **IV.      Conclusion and Order**

8         Plaintiff has failed to establish personal jurisdiction exists. Moreover, because this Court does

9   not have personal jurisdiction over Noble View, the Court declines to address the alternative argument

10  challenging venue. Based upon the foregoing, the Court **ORDERS**:

11         1.      The motion to dismiss (Doc. 44) is **GRANTED**.

12         2.      The claims as stated in the First Amended Complaint are **DISMISSED** without

13                 prejudice as to Defendant Noble View Cheese Company, Inc. <u>only</u>; and

14         3.      The Clerk of Court is directed to update the docket, reflecting the dismissal of Noble

15                 View Cheese Company, Inc. as a defendant in the action.

16

17  IT IS SO ORDERED.

18     Dated:     **February 10, 2022**

19                                                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28